UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JOHN LEE CARTER,

        Petitioner,

v.

RANDEE REWERTS,

        Respondent.
_____/

Case No. 1:19-cv-141

Honorable Paul L. Maloney

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

# Discussion

I. _Factual allegations_

Petitioner John Lee Carter is incarcerated with the Michigan Department of Corrections at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan. Following a jury trial in the Gladwin County Circuit Court, Petitioner was convicted of felon in possession of a firearm, Mich. Comp. Laws § 750.224f(1), felon in possession of ammunition, Mich. Comp. Laws § 750.224f(3), and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. On July 11, 2016, the circuit court sentenced Petitioner as a habitual offender to respective prison sentences of 34 months to 10 years for the felon-in-possession convictions, and a consecutive two-year term for the possession-of-a-firearm conviction.

Petitioner appealed his judgment of conviction and sentence to the Michigan Court of Appeals, which affirmed the circuit court's judgment on August 10, 2017. *See People v. Carter*, No. 331332, 2017 WL 3441396 (Mich. Ct. App. Aug. 10, 2017). Petitioner subsequently filed an application for leave to appeal to the Michigan Supreme Court. On February 20, 2018, the Michigan Supreme Court entered an order staying Petitioner's appeal pending a decision in another case, *People v. Straughter*, No. 156198 (Mich.).

Petitioner filed his habeas corpus petition in March 2019, raising the following four grounds for relief:

I. THE CUMULATIVE ERRORS COMMITTED DURING MR. CARTER'S TRIAL CREATED A FUNDAMENTAL MISCARRIAGE OF JUSTICE RESULTING IN THE CONVICTION OF A PERSON WHO IS ACTUALLY INNOCENT OF THE ALLEGED OFFENSES.

II. DEFENSE COUNSEL'S ALCOHOLISM AND PENDING OWI (RESULTING IN INJURY) OFFENSE CAUSED HIM TO PERFORM DEFICIENTLY.

III.  THE MAGISTRATE ABUSED HIS DISCRETION BY ISSUING A SEARCH WARRANT FOR THE GLADWIN RESIDENCE WHEN PROBABLE CAUSE WAS NOT ESTABLISHED IN VELTMAN'S AFFIDAVIT.

IV.  THE PROSECUTOR AND THE DISTRICT JUDGE . . . ABUSED THEIR AUTHORITY BY PURSUING CHARGES AGAINST MR. CARTER AFTER DISMISSING THE CHARGE FOR WHICH PROBABLE CAUSE WAS BASED, AND FOR ALLOWING PERJURED TESTIMONY TO SUPPORT THE AMENDED COMPLAINT.

(Pet., ECF No. 1, PageID.174-175.)

II.  Exhaustion of State Court Remedies

This is Petitioner's fourth habeas action in this Court. The previous three were dismissed without prejudice for failure to exhaust state-court remedies. *See Carter v. Rewerts*, No. 1:18-cv-438 (W.D. Mich. Apr. 27, 2018); *Carter v. Rewerts*, No. 1:18-cv-810 (W.D. Mich. Aug. 14, 2018); *Carter v. Rewerts et al.*, No. 1:18-cv-1323 (W.D. Mich. Jan. 4, 2019). As the Court explained to Petitioner in his previous cases, before the Court may grant habeas relief, he must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires Petitioner to "fairly present" his federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *O'Sullivan*, 526 U.S. at 844, 848. Petitioner has the burden of proving exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Petitioner contends that he has presented all of the foregoing issues on direct appeal,[1] but acknowledges that his appeal to the Michigan Supreme Court is still pending. A habeas petition should be denied on exhaustion grounds when a proceeding challenging the judgment of conviction is still pending in the state courts. *See Juliano v. Cardwell*, 432 F.2d 1051

---

[1] The Court accepts Petitioner's assertion as true at this stage, but finds it odd that the Michigan Court of Appeals did not discuss Petitioner's claim of ineffective assistance of counsel. If he did not present that issue to the Michigan Court of Appeals, then he has not exhausted it.

(6th Cir. 1970) (dismissing petition for failure to exhaust because an appeal from the denial of a post-conviction motion was still pending in the state's supreme court); *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970) (dismissing habeas petition for lack of exhaustion because a petition for post-conviction relief was pending in the state's appellate court); *accord Hudson v. Jago*, 767 F.2d 920 (6th Cir. 1985) (table); *see also Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983) ("When . . . an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts."); *Horowitz v. Wainwright*, 709 F.2d 1403, 1404 (5th Cir. 1983) (dismissing petition for lack of exhaustion because a collateral attack on the conviction was still pending in the state's appellate courts). The rationale behind this rule is that the appeal may result in the reversal of the petitioner's conviction, thereby mooting any federal question. *Sherwood*, 716 F.2d at 634. Indeed, the AEDPA encourages petitioners to exhaust all avenues for relief in state court before proceeding in federal court, by delaying the running of the one-year statute of limitations for filing a federal habeas petition until the state court judgment becomes "final by the conclusion of direct review," 28 U.S.C. § 2244(d)(1)(A), and by tolling the one-year statute of limitations while a motion for "collateral review" is "pending" in state court, 28 U.S.C. § 2244(d)(2).

According to the Supreme Court, the tolling provision "furthers principles of 'comity, finality, and federalism'"; "[i]f a defendant receives relief in state court, the need for federal habeas review may be narrowed or even obviated . . . ." *Wall v. Kholi*, 562 U.S. 545, 558 (2011) (quoting *Williams v. Taylor*, 529 U.S. 420, 436 (2000)). Likewise, dismissing Petitioner's federal habeas application at this stage, while his application for relief on appeal is still pending in

state court, promotes comity, finality, and federalism by allowing the state court to have the first opportunity to remedy any defects in the lawfulness of his custody.

Petitioner argues that the Court should proceed on his habeas petition because the Michigan Supreme Court granted his motion for immediate consideration, but then held his appeal in abeyance pending the resolution of another case. Petitioner asserts that the other case was decided in April 2018,[2] yet the Michigan Supreme Court has not acted on his appeal, even though it is now almost a year since that court entered its order staying his case. Petitioner contends that he has been deprived of due process by the Michigan appellate courts.

"Though the requirement is not jurisdictional, federal courts avoid deciding unexhausted claims unless there are 'unusual' or 'exceptional' circumstances." *Phillips v. White*, 851 F.3d 567, 576 (6th Cir. 2017) (quoting *Rockwell v. Yukins*, 217 F.3d 421, 423 (6th Cir. 2000)). "These include 'circumstances . . . that render [the state court] process ineffective to protect the rights of the [petitioner].'" *Id.* (citing 28 U.S.C. § 2254(b)(1)(B)(ii)). "'Inordinate delay in adjudicating state court claims' can do exactly that." *Id.* (quoting *Workman v. Tate*, 957 F.2d 1339, 1344 (6th Cir. 1992) (highlighting "the principle that federal courts should defer to state courts in the interest of comity assumes that the state courts will give prompt consideration to claims")).

Petitioner's case does not qualify for the "inordinate delay" exception. Approximately one year and five months have passed since Petitioner filed his application for leave to appeal in the Michigan Supreme Court. For much of that time, the Michigan Supreme Court has been waiting for the results of another case before deciding Petitioner's case. In contrast,

---

[2] The docket sheet for *People v. Straughter* indicates otherwise. According to the docket sheet, oral argument was held on October 9, 2018, but to date, no decision has been issued by the Michigan Supreme Court. *See* https://courts.michigan.gov/opinions_orders/case_search/Pages/default.aspx?SearchType=1&CaseNumber=328956&CourtType_CaseNumber=2 (visited Mar. 5, 2019).

5

in *Workman*, the petitioner's case "languished in the state courts for more than three years" without any progress. *Workman*, 957 F.2d at 1344; *see also Turner v. Bagley*, 401 F.3d 718, 725-26 (6th Cir. 2005) (excusing exhaustion where an appeal was pending in state court almost eleven years without "meaningful attention" despite prisoner's frequent requests to process his appeal). Petitioner's case has not come close to the length of delay found in *Workman* and *Turner*. *See Wright v. Dutton*, No. 92-6001, 1993 WL 69503, at *2 (6th Cir. Mar. 12, 1993) (finding that an 11-month delay was insufficient for waiver of exhaustion). Furthermore, the Court notes that the Michigan Supreme Court ruled on several motions filed by Petitioner as recently as October 2018. In other words, that court is giving his case "meaningful attention." Thus, Petitioner's circumstances are not so extraordinary or unusual that the state court's process is ineffective to protect his rights.

In addition, while actual innocence may excuse the exhaustion requirement in an extraordinary case, *see Schulp v. Delo*, 513 U.S. 298, 327 (1995); *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *Rust*, 17 F.3d at 162, Petitioner does not offer evidence that demonstrates his innocence. Indeed, his assertion of innocence depends upon claims of legal error and his belief that the authorities did not have a valid warrant or probable cause to search the premises where the firearms and ammunition were discovered. (*See* Pet., ECF No. 1, PageID.3; Mem. in Supp. of Pet., ECF No. 1-1, PageID.174-175.)

Accordingly, the Court will dismiss the action without prejudice for failure to exhaust state-court remedies. In addition, Petitioner is advised that, should he refile his petition after exhausting his state-court remedies, he should use the form petition provided by this Court. *See* Rule 2(d), Rules Governing § 2254 Cases; W.D. Mich. LCivR 5.6(a).

III.     Pending Motions

Petitioner has filed two motions in this action. One is a motion to expedite the case (ECF No. 2), and another is a motion for a hearing and/or for release on bond pending a decision on his petition for relief under § 2254 (ECF No. 3). Because the Court will be dismissing the case, these motions are moot and will be denied as such. In short, Petitioner's action is premature. No hearing is necessary to make that determination. Furthermore, the Court will not order Petitioner's release on bond without a valid petition for habeas corpus relief pending before the Court.

IV.     Certificate of appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

I have concluded that Petitioner's application should be denied for lack of exhaustion. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

I find that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion. Therefore, a certificate of appealability will be denied.

The Court will enter orders and a judgment consistent with this opinion.


Dated: March 13, 2019 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge